UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRACY R. BARKER**,

    Plaintiff,

v.                                                              **Case No. 8:05-CV-1390-T-27EAJ**

**STEVEN YOUNG TOMLINSON, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Entry of Judgment on behalf of Tracy R. Barker Against Steven Young Tomlinson and to Reserve Jurisdiction for the Purpose of Awarding Attorney Fees and Costs** (Dkt. 26), filed on April 7, 2006. Defendant Tomlinson has not filed a response as of the date of this order. On April 26, 2006, Plaintiff's motion was referred to the undersigned for an evidentiary hearing on damages and a Report and Recommendation (Dkt. 29). The undersigned held an evidentiary hearing on May 11, 2006 (Dkt. 31). Defendant Tomlinson, who is representing himself pro se in this action, did not appear for the hearing. The only witness at the hearing was Plaintiff Tracy R. Barker ("Plaintiff").

Upon default, the court customarily takes evidence or considers facts from the record in order to "fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944); see also Fed.R.Civ.P. 55(b)(2). The court "has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission that may allege a completely unreasonable or speculative amount of damages with no factual basis." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266

(11th Cir. 2003); see also United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)[1] (default judgment may not be entered without a hearing unless amount claimed is liquidated sum or one capable of mathematical calculation). Considering the testimony and exhibit presented at the evidentiary hearing on May 11, 2006, the preponderance of credible evidence demonstrates that Plaintiff should be awarded damages in the amount of $22,000.00.

At the hearing, Plaintiff testified that Defendant Tomlinson's employee Ed Collins called Plaintiff at her workplace to demand payment for a debt that was not legitimate. Plaintiff stated that during the relevant time period she worked as a receptionist/cashier and was in charge of answering the phone at a busy car dealership in Dade City, Florida. Plaintiff testified that Ed Collins telephoned Plaintiff at work, confirmed her identity, and stated that he had a warrant for her arrest for grand theft. Plaintiff exclaimed, "A warrant for my arrest!" in surprise and nearby co-workers overheard her say this, causing her considerable embarrassment. Plaintiff testified that the caller stated that the warrant was for a debt Plaintiff owed to Champion Rent-to-Own.

Plaintiff testified that she asked Ed Collins to fax her documentation, and that he faxed to her workplace a "request" for a warrant for her arrest. Plaintiff stated that she spent two hours communicating with the Police Department in Brooksville, Florida and several lawyers. Plaintiff had to ask her employer and co-workers to cover for her for the time she needed to call the police and lawyers. Plaintiff was initially concerned that she might be arrested, but the police eventually verified that there was in fact no warrant for her arrest. Plaintiff spent until almost midnight that evening documenting what had happened during the day.

---

[1] Fifth Circuit decisions made prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

Plaintiff has three children for whom she is the sole support and her husband is retired/disabled. Plaintiff testified that her children, ages 9, 7, and 4, anxiously asked her if she would be going "to jail." Plaintiff stated that she had concerns that if she were arrested or sent to jail that her husband would not be able to pay their bills, he would have to sell their house, and they would have to put their children up for adoption; she honestly believed based on the conversations that took place that she was going to be arrested.

Plaintiff testified that the letter Ed Collins faxed to her said that she owed United Rental Recovery $679.38 and that this was a felony in the third degree punishable by up to 5 years in prison or a $5,000 fine.[2] The letter directed Plaintiff to send this money to United Rental Recovery within a week under a "pre-trial intervention program." Plaintiff stated that this letter caused her concern and anxiety. Plaintiff testified that the letter convinced her that United Rental Recovery had paperwork ready to send to the courthouse to file a petition for her arrest and that Ed Collins told her that he was going to file the paperwork the next morning if he did not get a confirmation number from Plaintiff that day for the overnight mailing of her payment.

Plaintiff testified that she received the initial phone call from Ed Collins, received the faxed letter, and later received a return phone call from Ed Collins at work. In her position as cashier and receptionist, Plaintiff was responsible for answering incoming phone calls. Plaintiff testified that every time she answered the phone at work for the two months following the contacts with United Rental Recovery, Plaintiff feared answering the phone. Plaintiff had to ask her employer for permission to change the way she greeted callers to omit her name because of this incident; Plaintiff answered the phone at work with the alternate greeting for two months. Plaintiff testified that she

---

[2]This letter was entered into evidence as Plaintiff's Exhibit 1.

had anxiety every time she answered the phone for about two months.

Plaintiff stated that the same phone number that Ed Collins gave her as his return number appeared on the "Caller ID" on Plaintiff's home phone on the same day that Mr. Collins spoke with Plaintiff at work. Plaintiff stopped answering the phone at her home completely because of this incident and to date has not resumed answering the phone at home.

Plaintiff's counsel argued that by not responding to Plaintiff's requests for admission, Defendant Tomlinson admitted that he does business as United Rental Recovery, that he violated the Federal Fair Debt Collection Practices Act, that he sent out over 10,000 of these letters as United Rental Recovery, that he has threatened criminal actions to consumers within the last two years, and that he was the sole proprietor of United Rental Recovery.

Plaintiff seeks $1,000 in statutory damages under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.77(2) and $1,000 in statutory damages under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(a)(2)(A). She also claims actual damages of $10,000 to $15,000 based on being humiliated at her workplace and due to her fear of arrest, anxiety at answering the phone, concern for her children, and emotional distress for a period of two months resulting from Defendant Tomlinson's intentional actions and the actions of his agents, including Ed Collins. Plaintiff asks the court to award $10,000 in punitive damages under the FCCPA based on evidence that this illegal tactic was a regular policy of United Rental Recovery and Defendant Tomlinson and on the degree to which the noncompliance was intentional.[3]

The undersigned finds Plaintiff's testimony credible and demonstrative of a genuine fear of

---

[3] Generally, punitive damages may be awarded following default when such damages are established at an evidentiary hearing rather by the allegations in the pleadings. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1152 (3rd Cir. 1990); Flaks v.Koegel, 504 F.2d 702, 707 (2d Cir. 1974).

arrest and other criminal punishment, anxiety for her children's well-being, embarrassment at her workplace, and emotional distress upon answering the phone for a period of two months. Based on the evidence presented, the undersigned finds that Defendant Tomlinson's actions, or agents acting at his direction, caused Plaintiff this harm. Plaintiff has provided an adequate factual basis for the award of damages discussed below. See Anheuser-Busch, 317 F.3d at 1266.

Upon due consideration of the testimony and exhibit presented at the evidentiary hearing, the preponderance of credible evidence demonstrates that Plaintiff should be awarded the maximum statutory damages allowed under the FCCPA of $1,000.00 and the maximum statutory damages under the FDCPA of $1,000.00. Plaintiff should be awarded actual damages of $10,000.00 under both Acts for the fear, anxiety, embarrassment, and emotional distress caused by Defendant Tomlinson.

Further, Plaintiff should be awarded $10,000.00 in punitive damages under the FCCPA based on the flagrant nature of Defendant Tomlinson's violation of the statute, his frequency in violating the statute, and the acute degree to which Defendant Tomlinson's actions were performed with the intent of inflicting injury on Plaintiff. See Fla. Stat. §559.77(2); Harris v. Beneficial Finance Co. of Jacksonville, 338 So.3d 196, 200 (Fla. 1976) (under predecessor statute, punitive damages are appropriate when a defendant's "malicious intent" is proven); Story v. J. M. Fields, Inc., 343 So.2d 675, 677 (Fla. 1st DCA 1977) (malicious intent includes those actions done to inflict injury or without a reasonable cause or excuse) (citation omitted); Steiner and Munach, P.A. v. Williams, 334 So.2d 39, 42 (Fla. 3rd DCA 1976) (a plaintiff is entitled to punitive damages under predecessor statute when a defendant's conduct is wanton, malicious, or gross and outrageous).

Accordingly, it is **RECOMMENDED** that:

(1) Judgment be entered for Plaintiff against Defendant Tomlinson and damages awarded in the total amount of $22,000.00 consisting of: statutory damages of $1,000.00 under the FCCPA and $1,000.00 under the FDCPA; actual damages of $10,000.00 under both Acts; and punitive damages of $10,000.00 under the FCCPA.

**DONE AND ORDERED** in Tampa, Florida on this 16th day of May, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge. See 28 U.S.C. 636 (b)(1).